By the Court.—Monell, Ch. J.
The court, in the written opinion which has been furnished us upon this motion, after disposing of the first point, proceeded to say: “unless, therefore, the plaintiff produced on the trial the certificates of the inspectors and water purveyor, provided for in the contract, or has satisfactorily accounted for or excused their production, the ruling below,” was correct.
The court then proceeded to examine the question at some length whether there was a waiver of the inspector’ s certificate, and without apparently reaching any expressed conclusion on that point, say, “But the non-production of a certificate from the water purveyor is not accounted for, and would be a fatal objection to the plaintiff’s right of recovery.” And after discussing the necessity of producing such certificate, the opinion concludes with “the judgment should be affirmed.”
Among the grounds for a motion to reargue an appeal, is,'that some important point in the case was not considered by the court.
*126 In snch a case, it may be proper for the court upon the motion, to examine the point, so far, at least, as to see that it presents a fair question for discussion; and then, if it appears that the previous general term has entirely overlooked the point, the motion, in the discretion of this court, may be granted.
But the facts must be undisputed, and it must clearly appear that the first court did” not consider the point at all, before another genera,! term could feel authorized to listen to a reargument.
It would be unseemly for one general term to sit in review of the decision of a previous general term. When a decision is once pronounced by that branch of the court, it should become the law of the court; and be recognized and followed by all subsequent general terms', until modified or reversed by the court of ' last resort. • A different or less effect given to such decisions would unsettle the law, and produce the utmost confusion.
It clearly appears in this case, that the point alluded to was examined and considered by the first general term. In the opinion of a majority of the court, it is discussed, in its several aspects, at considerable length, and in the dissenting opinion of one of the members of the court, it is fully discussed, and is made the sole ground of dissent.
But as we understood the learned counsel-for the plaintiff, he does not allege that the points were not discussed in the opinion, but that the opinion does not dispose of them, one way or the other. In other words, that the opinion does not say that there was or was not a waiver.
The omission complained of was probably a mere oversight, and if of any importance, was cured by the decision affirming the judgment; such decision covering and deciding, adversely to the plaintiff, all the questions raised on the appeal.
*127 If it appears, therefore, as it does distinctly in this case, that the point was examined and considered by the court, we need look only to the decision.
The reasons assigned by the court for its decision are secondary to the decision itself ; and however unsound they may be, the decision will not be disturbed, if, for other and different reasons,- it is correct.
The decision, therefore, covers all grounds, and as well, the new one, taken, I believe, for the, first time, on this motion, that, under the evidence, the question of waiver should have been submitted to the jury.
We see no reason for reviewing the former decision, and the plaintiff must appeal to another court to have corrected, the errors he alleges this court has committed.
The motion is denied, with costs.